### SETH LOWERY v. THE STATE.

Where the defendant was indicted and convicted for malicious mischief, under article 712 of the Penal Code, if he joined in a conspiracy, whereby the bull was chased, shot, and killed, by way of a Christmas frolic, the verdict will not be disturbed. (Paschal's Dig., Art. 2343, Note 678.)

APPEAL from Dallas. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The defendant was found guilty of malicious mischief and fined $15. As the case turned upon the principles of conspiracy, the statement of facts is given:

"The witness, Mills, testified, on behalf of the state, that on Christmas day, the 25th of December, 1865, a party, consisting of the witness, Jim Simms, defendant Lowery, and several others, went out on the prairie on a fox-hunt with dogs to have a frolic; that after hunting for sometime Jim Simms commenced chase of a bull with the dogs, fired his pistol at the bull, and ran him across a branch up to near where the crowd were; as he passed the crowd some of the boys joined him in the chase, and they ran a few hundred yards; as witness afterwards came up the bull was dead, was killed by pistol shots. The bull was in the brand of P. K. Rawlins, and was his property, of the value of $5. This was in Dallas county, and defendant was one of the party that joined Simms in the chase of the bull. Cross-examined, witness did not see Lowery shoot at the bull; did not know that he fired at all; did not see Lowery have any pistol; don't think he had any. Lowery merely followed with the party chasing the bull; the party were having Christmas, and were on a frolic.

"The defendant then introduced witness Arnold, who testified that he was along with said party; that he saw Jim Simms shoot at the bull; and, as Simms ran the bull near the crowd, Simms said that it was his bull, and he had a right to shoot him. This was before defendant, Lowery, joined in the chase of the bull."

No brief for appellant has been furnished to the *Reporter.*

*William Alexander, Attorney General,* for the State.—When a conspiracy is established, the act of each conspirator is the act of all. (Greenl. on Ev., p. 122, § 111.)

LINDSAY, J.—The appellant was indicted, tried, and found guilty of malicious mischief, in the court below, and his

fine assessed at $15.   He was charged jointly with others with destroying property (neat cattle) belonging to P. K. Rawlins.   It appears that he and his co-defendants were engaged in chasing a bull belonging to Rawlins, which bull was finally killed by pistol shots from some of the company.   The proof in this case is, that the appellant and a number of others went out together on Christmas day to have a fox-chase.   This was a different purpose from a bull-chase.   But the law is, that when a "number of persons meet together for a different purpose, and afterwards join to execute one common purpose, to the injury of the property of a third party, it is a conspiracy, and it is not necessary to prove any previous plan among them against the person intended to be injured."   The facts show such a state of things in this case, and the judgment is therefore

AFFIRMED.